The next case today is VS PR, LLC v. ORC Miramar Corporation, et al. Appeal number 21-1112. Attorney Barrios, please introduce yourself for the record and proceed with your argument. Good morning, Justices. My name is Edilberto Barrios Perez. We represent Appellants in this proceedings. This case dwells with Federal Rules of Procedure 41A, generally known as the two-dismissal rule. We basically stand on the plain reading of the totality of the statute, the language therein, as drafted by Congress. And we also sustain the strong presumption that Congress expresses its intent through the language that it chooses. Mr. Barrios, you argued below that the District Court didn't have jurisdiction over this matter. That is correct, jurisdiction, because there was no diversity of citizenship between plaintiffs and defendants. So if there's no jurisdiction, how do we have jurisdiction? That is exactly one of the issues, because the dismissal order states that it is without prejudice, which I do not understand how can that be, because it cannot judge if it lacks jurisdiction. The problem is that the case was dismissed by a voluntary dismissal, and the court never reached the jurisdictional issue, so there was no finding, no conclusion by the court that it lacks subject matter jurisdiction due to absence of diversity. So a with prejudice is a decision? That is correct, but it is a recognition of the statutory command in Rule 41A. It's a result from the law that flows from the events, having exhausted the due process that Congress established that any plaintiff has, which is true strikes, you're out. But if the court had no jurisdiction to adjudicate the matter in the first place, how can it adjudicate the matter in the first place? It did not have jurisdiction to adjudicate that the voluntary dismissal is without prejudice, but the statutory result that the second dismissal is with prejudice is a statutory command, like the expiration of the statute of limitations. It's a result that the rights are lost. It is not a judgment. It is a statutory result commanded by Congress. But if there's no subject matter jurisdiction to follow that command, how can you follow it? Because jurisdiction is not necessary for the statute of limitations to expire. It just does. It expires. But to have the case, you have to have subject matter jurisdiction to reach the statute of limitations issue. Just like why wouldn't you have to have subject matter jurisdiction to reach the issue of whether to follow the statutory command to issue a dismissal with prejudice? The U.S. District Court only had jurisdiction to either dismiss because it lacked jurisdiction or to acknowledge the voluntary dismissal with the consequence that the second voluntary dismissal is without prejudice. I guess I'm just asking, is there a prior question? I think this is Judge Thompson's question. Is there a prior legal question of jurisdiction? Which is, in ruling on the question of what to do about Rule 41, doesn't the District Court first have to have subject matter jurisdiction over the case or controversy? And to do that, doesn't it have to have diversity jurisdiction? If it doesn't have diversity jurisdiction, how can it even reach the Rule 41 issue to just throw it out saying these parties shouldn't be before me? That's exactly part of the error that the court did proceed to reach whether it was with prejudice or without prejudice without having attended the judicial issue. The court simply relied on the voluntary dismissal, but it added the tail, the expression that it is without prejudice when it had no jurisdiction to do so. It had no jurisdiction under Article 3 because it had no diversity and it had no jurisdiction. Aren't you asking for it to issue a judgment that's with prejudice? Which is on the merits. Just stating that the dismissal is a second voluntary dismissal would suffice. But I think Judge Thompson's question is if there's no subject matter jurisdiction, how could it ever enter an order dismissing with prejudice? That would have effect in future cases if it has no jurisdiction over the matter at all. How could it do that? The congressional command is this second voluntary dismissal is with prejudice. The statutory command establishes the consequence, not the Article 3 diversity jurisdiction. Now, the plain reading, I understand that the jurisdictional crossroad that we have, that is a portion of the puzzling that the district court proceeded to enter a judgment without deciding it did have subject matter jurisdiction. When the matter was present, precisely advised to the court and the attention was brought to the court. But since the judgment usually presumes jurisdiction, even though the court does not address it. The fact that both. Appellee has acknowledged there is no diversity, but we do acknowledge that also. There is no dispute that the district court did not have diversity jurisdiction. But it remains the fact that the district court did issue a judgment purporting to have jurisdiction and that this court has appellate jurisdiction to entertain that. And both this court and the district court have the unyielding obligation to decide whether it has jurisdiction. I understand that is one of the first points. Did V.S. acknowledge on the record that there was no diversity? Appellees, in their brief, they did. They did acknowledge there is no diversity. Did they argue below? Did they acknowledge below that there is no diversity? No, they filed the voluntary dismissal on this third case, second voluntary dismissal. All the district court had, though, was your assertion that there was no diversity and therefore no jurisdiction. No. Before the voluntary dismissal and the entering of the judgment, dismissing without prejudice, a request for consideration was filed and the lack of jurisdiction was amply submitted to the court and evidence to the court. There is no practical difference between a dismissal without prejudice under Rule 41 and a dismissal under 12B1 for no jurisdiction, is there? That is precisely the case. The only reason we have to figure out the diversity jurisdiction is if we were to rule in your favor that there should have been an entry of dismissal with prejudice. Because in order to do that, we might think you could only do that if you actually had subject matter jurisdiction, which you are contending it did not. Absolutely. Which is a bit of a paradox for your position. But we don't even have to worry about that if on the merits you are reading that Rule 41 is wrong, right? I did not understand your second portion, but I concur that... The second portion is that this wrinkle about diversity jurisdiction and whether the district court has it only matters practically if we were thinking that the district court should have entered a dismissal with prejudice rather than without prejudice, right? That is correct. Okay, and so if you are wrong on the merits about Rule 41 requiring a dismissal without prejudice, we don't have to worry about the diversity jurisdiction wrinkle because we simply could affirm under Rule 41 a dismissal without prejudice. That would be the same consequences if there was a dismissal for lack of diversity jurisdiction, right? Negative, because that would be an adjudication on the subject that the court lacks jurisdiction. Well, if that's your position to us, how could you ever get an entry of an order with a dismissal with prejudice? If your reason that they can't rule under Rule 41 that it's without prejudice is that it has no diversity jurisdiction, it has to follow that that same obstacle prevents it from issuing a ruling under Rule 41 that it has to be a dismissal with prejudice. I don't see how those two could be different. Negative. One source of jurisdiction would be that the court has in order to decide that it is without prejudice, the court must have subject matter jurisdiction diversity in order to decide that the consequence of the procedure followed in various courts results in a dismissal with prejudice. You say that gives it subject matter jurisdiction, even over cases in which it might not have diversity jurisdiction. That is exactly one of the issues that the Dover case from the Seventh Circuit argued and we have presented to this court. Rule 41 a does not state filing one, two or three cases where the court had jurisdiction. I got it. It only states two dismissals and you're out. So you're saying that a basis for Article 3 jurisdiction is the voluntary dismissal of a second case that gives us subject matter jurisdiction? Because the due process that Congress has commanded has been exhausted. It would be a federal question, not diversity. Thank you, counsel. We'll hear from Attorney Colburn. Hi. Good morning. One minute, Mr. Colburn. Mr. Berrios Perez, if you would also mute your camera. Please proceed, counsel. Good morning, Your Honor. Please, the court. My name is Herman Colberg and I represent Appalachian Plaintiff BSBR LLC. I'll start with something that I hadn't previously thought. I'll start with the jurisdictional issue. The court asked whether there was a case in which the court had to assume jurisdiction prior to issuing a voluntary dismissal with prejudice. There is a case such like that. It's Murray v. Conseco. It's cited in our brief. 467F3-602. That's a case where a defendant just like this attempted to apply the to-dismissal rule to a motion for voluntary dismissal or a dismissal via court order under 41A2. The district court actually granted the to-dismissal rule and the circuit court reversed, stating that you can only have one or the other. You either have jurisdiction to apply the to-dismissal rule, which I forgot to mention, the district court ruled that it did not have diversity of jurisdiction in that case. The circuit court says you can't have it both ways. You can either dismiss it because you don't have diversity of jurisdiction, or if you do have jurisdiction, you can apply the to-dismissal rule. In that case, the court also said that the to-dismissal rule was incorrectly applied because it was a voluntary dismissal via motion. Apart from that, the fact is that the to-dismissal rule is not applicable in this case. If I follow what you're just saying, does that present suggest that we have no choice but to decide the diversity of jurisdiction issue first? That could very well be the case. In this case, it was never decided. Our argument in our brief was that the sexual minorities Uganda versus lively applied. If you're arguing before the district court that the court doesn't have jurisdiction, you cannot then try to argue that a voluntary dismissal is with prejudice. That's a holding on the merits for which the court has to have jurisdiction to make. That's what the Conseco case says. Maybe that's what it means. You cannot rule on a voluntary dismissal in a case where jurisdiction has not been held or decided. What's your answer to this? If I'm tracking, one possibility is that under this Murray case, we can't reach the Rule 41 issue until we satisfy ourselves that there's diversity of jurisdiction. Your position would be your opponent is not free to now argue that there is diversity of jurisdiction, having taken the position there isn't, which I understand why you'd say that. They have an alternative argument that we do not have to decide diversity of jurisdiction first because Rule 41 separately invests us with 1331 jurisdiction to decide the Rule 41 question. What's your answer to that? I haven't seen that case specifically where that rule per se confers to court jurisdiction. I can only refer to the Conseco case, which says it cannot, but I agree with the fact that even if we were to apply, assuming there is jurisdiction, if we were to apply the wording of Rule 41A, it's obvious that the two-dismissal rule does not apply. The two-dismissal rule, the wording of the statute per se, it's very clear that the two-dismissal rule is not applicable. The rule per se divides the dismissals into two large groups, voluntary dismissals without a court order and those with a court order. Pursuant to the effects that the statute has, no circuit court ever held that the two-dismissal rule applies to a voluntary dismissal via court order under Rule 41A2. In fact, all circuit courts that have ruled on whether the two-dismissal rule applies to voluntary dismissals via court order, eight of them, have held that the two-dismissal rule does not apply to voluntary dismissals by court order under 41A2. And those circuits are the 2nd, the 4th, the 5th, the 6th, the 7th, the 8th, 10th, and 11th circuits. Also, the Supreme Court of the United States correctly summarized the application of the two-dismissal rule as well in Cooter v. Hardmax 496 U.S. 384. Can I just go back a second? I don't want to overly complicate this case, but I guess I'm... Is the diversity jurisdiction problem here an Article III jurisdictional problem or just a statutory jurisdictional problem? Well, the only basis for jurisdiction was diversity in this case. Yeah, but is this diversity given that we're dealing... In this case, is the bar the diversity jurisdiction poses the Article III bar to a federal court hearing a non-diverse case when there's no 1331 jurisdiction or is it just statutory? The reason I ask is because sometimes we can... There's hypothetical jurisdiction if there's just a statutory bar. And since the outcome, if you're right on Rule 41, is the same dismissal without prejudice as it would be if we did it as a jurisdictional matter, we could just skip over that question. If it's an Article III bar to our jurisdiction, we don't really have the option of just proceeding to the statutory question no matter how convenient it would be. So I guess I'm trying to figure that out. Right. And I'm sorry, Your Honor, but I don't have any clear answer except for the Constitutional case that I mentioned where it says that you need to have jurisdiction in order to rule on Rule 41. Mr. Colbert, does it matter here that there were no specific findings below as to the reason for the dismissal? I don't think so. I mean, the rule per se... Are you conceding that there was no diversity? No, I'm not conceding, and we did not concede that one of the mistakes was made by Counsel Berrios. Obviously, there was various brief files on the diversity issue, and it was a very complicated way to establish jurisdiction. And some of the arguments he had made before the district court were correct. He might have been right in that the court didn't have jurisdiction. But because it was taking so long and they had answered the complaint, the plaintiff decided to voluntarily dismiss the case and specifically asked to voluntarily dismiss the case so he can continue or file the case in state court and proceed with a complaint, which is a collection and foreclosure case, a typical collection and foreclosure case. So if there was no Article 3 bar and there's none conceded here or admitted on the record, why wouldn't it be a dismissal with prejudice under Rule 41? Right. Okay, well, dismissal with prejudice only happens when second voluntary dismissal is done via notice. And that's very clear if you read the text of Rule 41A. That's very clear in the text. You mean when you say via notice, you mean notice prior to a response of pleading being filed? Correct, because we didn't file a notice. We filed a motion for voluntary dismissal under Rule 41A2 and not a notice of voluntary dismissal under 41A1. Our client could not have filed a notice because a defendant had already answered the complaint, so it was necessarily through order. And the effect of an order for voluntary dismissal is included specifically at 41A2 when it says except as provided in Rule 41A1 and actually may be dismissed at the plaintiff's request only by court order on the terms that the court considers proper. Then later on it says, unless the order states otherwise, a dismissal under this paragraph is without prejudice. So by its own clear terms, a voluntary dismissal by court order is without prejudice unless the court states otherwise. Versus if we read 41A1, where the two dismissal rules says, unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal, state, or court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits. That's why eight circuits have held that that two dismissal rule only applies to the limited case in which it's a second notice of voluntary dismissal, not a dismissal via court order. And we've had many cases on that. Can I ask you a practical question? Does it matter to you whether our ground for affirming a dismissal without prejudice was on the ground that the district court lacked jurisdiction because there was no diversity? Or because under Rule 41, the two dismissal rule didn't apply and so it was just a dismissal without prejudice? I would prefer the second one, yeah. The fact that the two dismissal rule clearly does not apply. I understand that you prefer that, but is that because a ruling by us that the district court lacked diversity jurisdiction would prejudice you in some way? I don't think so, no. Because it would be just like an involuntary dismissal and that wouldn't trigger any dismissal. Would that be law of the case or something if you tried to then file again in federal court? No, I'm not filing again. This same case has already been filed in state court. So you don't care if there's a ruling by our court that suggests that there's no jurisdiction over a case like this in federal court? Correct. Okay. Your Honor, just if I have one or two minutes left, I'm not sure. You have 30 seconds. Okay, just to point out, the appellant stresses on the DeVore case, which is from the servant circuit, and it says the most holistic, coherent approach. That case is not applicable to our case. In that case, they applied the two dismissal rule after the second request for a voluntary dismissal was via notice under 41A1. Our case is, again, under 41A2. And that same servant circuit has three or more cases by the circuit per se that states that the two dismissal rule is not applicable to any request for voluntary dismissal via court order under 41A2. So we request the court to confirm the district court judgment. Contrary to appellant's position, the district court was not obligated to dismiss the complaint with prejudice. The express text of rule 41A2 holds that a second voluntary dismissal by court order does not trigger the two dismissal rule. That is why there's not a single case that construes the two dismissal rule as applicable to voluntary dismissals by court order. The 2nd, the 4th, the 5th, 6th, 7th, 8th, 10th, and 11th circuits have unanimously held that the two dismissal rule does not apply to voluntary dismissals by court order. And so we request the honorable court to confirm the district court judgment in its entirety. Very well. The case is submitted. Thank you, counsel. Thank you. That concludes argument in this case. Attorney Berrios-Perez and Attorney Kohlberg, you should disconnect from the hearing at this time.